[No. 15374.   Department One.—May 3, 1894.]
WILLIAM D. NOYES, APPELLANT, v. AL WOOD ET AL., RESPONDENTS.

NEGLIGENCE—FELLOW-SERVANT—FOREMAN.—Employers are not liable for an injury caused by the negligence of a fellow-servant; and the grade of work of the employee is an immaterial circumstance, as the employer is not liable for injury to an employee caused by the negligence of a foreman, even if he had entire charge and control of the work, with full power to hire and discharge men, if his competency is not questioned.

APPEAL—REVIEW OF ORDER GRANTING NEW TRIAL.—Upon appeal from an order granting a new trial the court is not confined to the consideration of the point upon which a new trial was granted, but the order will be affirmed if upon the whole record it appears that a new trial should be had.

APPEAL from an order of the Superior Court of Alameda County denying a new trial.

The facts are stated in the opinion.

*Edward C. Robinson*, and *Edward A. Holman*, for Appellant.

Wayne was a servant in command, and not a fellow-servant. (Shearman and Redfield on Negligence, 4th ed., sec. 226, and notes 230, 233; *Brown* v. *Sennett*, 68 Cal. 225; 58 Am. Rep. 8; *Miller* v. *Union Pac. Ry. Co.*, 17 Fed. Rep. 67; *Dowling* v. *Allen*, 74 Mo. 13; 41 Am. Rep. 298; Deering on Negligence, sec. 204, sub. secs. 9, 10, and the numerous authorities therein referred to; *Cowles* v. *Richmond & D. R. Co.*, 84 N. C. 309; 37 Am. Rep. 620; *Lake Shore & M. S. Ry. Co.* v. *Lavalley*, 36 Ohio St. 221; *Packet Co.* v. *McCue*, 17 Wall. 508, 513; *Railroad Co.* v. *Fort*, 17 Wall. 553, 557; *Berea Stone Co.* v. *Kraft*, 31 Ohio St. 287; 27 Am. Rep. 510; *Chicago & N. W. R. Co.* v. *Moranda*, 93 Ill. 302; 34 Am. Rep. 168; *Devany* v. *Vulcan Iron Works*, 4 Mo. App. 236; *Gormly* v. *Vulcan Iron Works*, 61 Mo. 492; *The Chandos*, 6 Saw. 544, 548; *Sioux City & P. R. R. Co.* v. *Smith*, 22 Neb. 775.) He therefore stood in the shoes of his employer, and his negligence was that of the employer. (*Northern Pac. R. R.*

*Co.* v. *Herbert*, 116 U. S. 642; 6 Sup. Ct. Rep. 590; *McKune* v. *California S. R. R. Co.*, 66 Cal. 302; *Beeson* v. *Green Mt. Gold Min. Co.*, 57 Cal. 20; Shearman and Redfield on Negligence, 4th ed., secs. 204, 205.) There was a neglect of duty in not furnishing proper and suitable appliances. It is only where the appliances are proper and suitable that the servant assumes risk, and even then no more than ordinary risk. (Civ. Code, secs. 1970, 1971; Wood on Master and Servant, 2d ed., sec. 426, at p. 831; *Chicago & N. W. Ry. Co.* v. *Jackson*, 55 Ill. 492; 8 Am. Rep. 661; *Perry* v. *Ricketts*, 55 Ill. 234; *Sanborn* v. *Madera F. & T. Co.*, 70 Cal. 261; *Stringham* v. *Stewart*, 100 N. Y. 516, *Pantzar* v. *Tilly Foster Min. Co.*, 99 N. Y. 368.) The defendants did not furnish proper and suitable appliances, and when Wayne acted for them in constructing the platform, the platform being defective, the master is liable. (Shearman and Redfield on Negligence, 4th ed., secs. 197 and note 2, and 204; *Benzing* v. *Steinway*, 101 N. Y. 547; *Behm* v. *Armour*, 58 Wis. 1; *Arkerson* v. *Dennison*, 117 Mass. 407; *Hobbs* v. *Stauer*, 62 Wis. 108; *Rossman* v. *Knickbocker Ice Co.*, 23 Week. Dig. 445; *Flike* v. *Boston & Albany R. R. Co.*, 53 N. Y. 549; 13 Am. Rep. 545; *Ford* v. *Fitchburg R. Co.*, 110 Mass. 240; 14 Am. Rep. 598; *Snow* v. *Housatonic R. R. Co.*, 8 Allen, 441; 85 Am. Dec. 720; *Lofrano* v. *N. Y. & Mt. V. W. Co.*, 55 Hun, 452; *Fisk* v. *Central Pac. R. R. Co.*, 72 Cal. 38, 42; 1 Am. St. Rep. 22; Deering on Negligence, sec. 208; *New Jersey & N. Y. R. Co.* v. *Young*, 49 Fed. Rep. 723, 725; *Coppins* v. *New York Cent. & H. R. R. Co.*, 122 N. Y. 557; 19 Am. St. Rep. 523; *Grand Trunk Ry. Co. of Canada* v. *Cummings*, 100 U. S. 700; *Stringham* v. *Stewart*, 100 N. Y. 516; *Magee* v. *N. P. C. R. R. Co.*, 78 Cal. 430; 12 Am. St. Rep. 69; *Booth* v. *Boston & Albany R. R. Co.*, 73 N. Y. 38; 29 Am. Rep. 97; *Cayzer* v. *Taylor*, 10 Gray, 274; 69 Am. Dec. 317; *Ellis* v. *N. Y. L. E. etc. R. R. Co.*, 95 N. Y. 546, 552; Wood on Master and Servant, sec. 405; Civ. Code, sec. 1970; 2 Thompson on Negligence, p. 996; Beach on Contributory Negligence, sec. 96; Wharton on Negligence, secs. 234, 913.)

*C. T. Johns*, and *J. C. Martin*, for Respondents.

The plaintiff and Wayne were fellow-servants, employed by the same employer, and engaged in the same general business, at the time of the accident. (*Brown* v. *Central Pac. R. R. Co.*, 72 Cal. 523; *Fagundes* v. *Central Pac. R. R. Co.*, 79 Cal. 97; *Stephens* v. *Doe*, 73 Cal. 26; *Congrave* v. *Southern Pac. R. R. Co.*, 88 Cal. 360; *Trewatha* v. *Buchanan Gold etc. Co.*, 96 Cal. 494, 495.) If the plaintiff could not recover against the defendants because of defective appliances, on the ground that he assumed the risk, nor because of the negligence of Wayne, on the ground that he was a fellow-servant, it necessarily follows that he could not recover even if both combined. (*Trewatha* v. *Buchanan Gold etc. Co.*, 96 Cal. 495; *Lutz* v. *A. & P. R. R. Co.*, 30 Pac. Rep. 912; Wood on Master and Servant, 812; *Long* v. *Coronado R. R. Co.*, 96 Cal. 269, 274.) But if it should be considered that the evidence is conflicting as to the question of whether Wayne was a fellow-servant or vice-principal, an order of the court below granting a new trial ought not to be disturbed by this court. (1 Hayne on New Trial and Appeal, sec. 97; *Dickey* v. *Davis*, 39 Cal. 565; *People* v. *Lum Yit*, 83 Cal. 130, 133; *People* v. *Hotz*, 73 Cal. 241. See, also, *People* v. *Ashnauer*, 47 Cal. 98; *Sherman* v. *Mitchell*, 46 Cal. 576, 577; *Bauder* v. *Tyrrel*, 59 Cal. 99; *White* v. *Merrill*, 82 Cal. 14; *Bjorman* v. *Fort Bragg R. Co.*, 92 Cal. 500.) If any ground exists upon which a motion for a new trial ought to have been granted, the order granting a new trial will be sustained, without regard to the reasons given by the court below for granting it. (*Nally* v. *McDonald*, 77 Cal. 284; *Harnett* v. *Central. Pac. R. R. Co.*, 78 Cal. 31; *White* v. *Merrill*, 82 Cal. 14.)

TEMPLE, C.—This is an action to recover damages for personal injuries received by plaintiff while in the employ of defendants.

It is charged in the complaint that defendants employed plaintiff as a journeyman painter, to assist in

painting a barn, which defendants had contracted with
the owner, Mr. Pierce, to paint. That it became the duty
of defendants, as his employers, to furnish ladders to be
used in the work, and that they furnished ladders which
were too short to enable him to perform the work, and
therefore defendants erected a scaffold and placed a
short ladder upon it. That through the negligence of
the defendants the scaffold was defective, insufficient,
and insecure, whereby plaintiff was injured.

Verdict and judgment were entered for plaintiff, and
thereupon defendants moved for a new trial, specifying
many respects in which they claimed that the evidence
was insufficient, as also several alleged errors occurring
on the trial. A new trial was granted, and from the
order plaintiff appeals.

In the order granting a new trial the judge stated
that the motion was granted " on the sole ground that
the evidence does not show that said Wayne was a fore-
man or vice-principal, but does show that said Wayne
was a fellow-servant with plaintiff, in the same general
business; upon all other grounds of said motion for a
new trial, the court finds for plaintiff against defend-
ants."

Plaintiff testified that Wayne was foreman and in
charge of the work for defendants, and as such put up
the scaffold and ladder which fell with plaintiff. It is
therefore claimed that the negligence of Wayne was the
negligence of his principals—the defendants. Upon
this theory the case was tried and is argued here by
appellant. Of course, under repeated decisions of this
court, the grade of work of employees is an immaterial
circumstance. Defendants would not have been liable
to the plaintiff for the negligence of Wayne, even if he
had had entire charge and control of the work, with full
power to hire and discharge the men. (*Daves* v. *South-
ern Pac. Co.*, 98 Cal. 19; 35 Am. St. Rep. 133; *Congrave*
v. *Southern Pac. R. R. Co.*, 88 Cal. 360; *Burns* v. *Sennett,*
99 Cal. 363; *Stevens* v. *San Francisco etc. R. Co.*, 100 Cal.
554.) He was still but a fellow-servant with plaintiff,

and, as his competency is not questioned, defendants are not liable for his negligence.

No doubt it was for this reason that the court granted a new trial. But on this appeal the court is not confined to a consideration of the point upon which a new trial was granted, but the order will be affirmed if upon the whole record it appears that a new trial should be had. (*Nally* v. *McDonald*, 77 Cal. 284.)

The second specification as to the insufficiency of the evidence to sustain the finding that there was no evidence tending to show that the defendants were responsible for the act of Wayne in making the scaffold, is manifestly well founded, and this of itself necessitates a new trial. If, as appellant contends, the defendants furnished no ladders, that did not authorize plaintiff and his fellow-servant to construct an insecure scaffold and hold defendants responsible for their own negligence. Upon this point *Burns* v. *Sennett*, 99 Cal. 363, is instructive.

That plaintiff and Wayne were fellow-workmen is manifest from plaintiff's testimony. It was shown that, under the circumstances, the workmen generally construct their own scaffolds and adjust their appliances to enable them to reach their work, and in the nature of things the skill requisite to do so is a necessary qualification to a journeyman painter. If the ladders had been long enough, scaffolds would not have been required. But there will generally be a choice of means open to workmen. It is not claimed that a scaffold could not have been made which would have been safe; if it was not, it was the fault of the plaintiff or his fellow-workman.

The order should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

HARRISON, J., GAROUTTE, J., PATERSON, J.

Hearing in Bank denied.