[Civ. No. 578.   First Appellate District.—May 5, 1909.]

A. D. McDONALD, Appellant, v. VICTOR HOFFMAN, Respondent.

MASTER AND SERVANT—FALL OF SERVANT FROM SCAFFOLD—ERECTION BY FELLOW-SERVANTS—DUTY OF MASTER LIMITED—SCAFFOLD NOT AN APPLIANCE.—A scaffold erected by fellow-servants employed as carpenters in the construction of a building by defendant as contractor, from materials supplied by him, is not an appliance within the rule requiring the master to furnish safe appliances; but, in such case, the duty of the master is limited to providing proper tools, lumber and materials with which to erect a proper scaffold, and when he has performed such duty, and is not negligent in the choice of servants, it is the duty of the carpenters employed to construct the scaffold in a workmanlike manner; and if they fail to do so, the master is not responsible for an injury thereby resulting to one of the fellow-servants by a fall from an insecure scaffold.

ID.—NEGLIGENCE OF FOREMAN—FELLOW-SERVANT.—The negligence of a foreman carpenter in superintending the construction of the scaffold is that of a fellow-servant of the other carpenters employed in the same general business, and relieves the master from liability therefor, in the absence of any showing of the negligence of the master in appointing such foreman.

ID.—NONSUIT.—*Held*, that under the facts, the trial court properly granted a nonsuit of the plaintiff for failure to prove any cause of action against the defendant.

APPEAL from an order of the Superior Court of the City and County of San Francisco, denying a new trial.   F. H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Cleveland L. Dam, Charles S. Burnell, and George Appell, for Appellant.

Myrick & Deering, for Respondent.

COOPER, P. J.—This action was brought to recover damages for injuries received by plaintiff, caused by the falling of a scaffold, while he was in the employ of the defendant as a carpenter engaged in building a warehouse on Sansome

street, in the city and county of San Francisco. At the close of the testimony offered by plaintiff the court granted the motion of the defendant for a nonsuit, and judgment was accordingly entered. Plaintiff made a motion for a new trial, which was denied, and this appeal is from the order so made.

The sole question here is as to whether or not the court erred in granting the nonsuit.

The facts as shown by the pleadings and evidence are briefly as follows: The plaintiff at the time of the injury was in the employment of the defendant as a carpenter in the construction of a building and warehouse. He was one of a number of carpenters employed by the same defendant in constructing the same building. The defendant was the contractor, and one Owens, also a carpenter, was the foreman under whom plaintiff was working. The plaintiff, the foreman Owens, and all the carpenters were engaged in the same general work in and about the erection and construction of the building. It became necessary in the course of construction to place or construct trusses to support the roof of the one-story portion of the building. In order to do this a cord or tie-beam was lifted into position, one end on the outer brick wall, the other end on the girder in the center of the building. This tie-beam was so lifted into place by three or four carpenters. While this work was in progress Owens called to several of the carpenters, including plaintiff, to bring their tools and erect a platform or scaffold upon which to work. There were plenty of planks on hand with which to build the scaffold, and which were used in building scaffolds in connection with the building, and the platform was built by laying these planks from the tie-beam to the nearest truss that had already been placed. Plaintiff was one of the carpenters who built the scaffold. The defendant furnished materials sufficient in quantity and quality with which to build the scaffold, and it is not claimed that any of the carpenters employed with plaintiff in the same general employment were incompetent, or that the defendant was guilty of negligence in employing them. It is alleged that Owens was incompetent and unfit to act as foreman, and that defendant employed him knowing him to be so incompetent and unfit for the work in which he was engaged, but plaintiff did not attempt to prove that Owens was incompetent. It is al-

leged, "That on the said 17th day of April, 1903, it became and was the duty of plaintiff, in the course of his employment by defendant as such carpenter, to go upon the scaffold as aforesaid, and while engaged in the performance of his duties as such carpenter and such employee of the defendant as aforesaid, plaintiff went and was upon said scaffold; and while engaged thereon in his said employment the said scaffold, by reason of its said inherent weakness and said imperfect, defective and dangerous character thereof, broke and gave way and fell down, without any negligence or fault of plaintiff existing or contributing thereto, by reason whereof plaintiff was cast and thrown from said scaffold. . . ."

It is claimed by the appellant that the scaffold was an appliance, and thus is within the rule that it is the duty of the master to furnish to his employees and servants safe appliances with which to work.

We do not think that this scaffold was an appliance within the meaning of the law, but a place on which to stand while working, and a place built by the men who were working. It was the duty of defendant to furnish his men with proper tools, lumber and materials with which to erect proper scaffolds or platforms to be used in the construction of the building. When he had done this he had done all that any reasonably prudent person would be required to do under like circumstances. It was then the duty of the employees to construct the scaffold in a workmanlike manner, so that it would be a reasonably safe place upon which to work. They were carpenters; they knew where scaffolds had to be used, and the purposes for which they were to be used. They built the scaffold, and if it was not built of such strength as to answer the purposes for which it was built, they have only themselves to blame for the unhappy accident. An employer is not required, where he furnishes a nail, or bolt, or rope or planks with which to build a scaffold, to stand over each man to see that the nail is properly driven to the proper depth, the bolt properly secured, the rope properly adjusted or tied, or the planks properly placed on substantial supports. He sufficiently performs his duty when he employs competent men, and furnishes suitable and proper nails, bolts, ropes and lumber, as the case may be, with which to erect the place upon which to work, or for the putting together of the materials in the building.

It is claimed that Owens was a vice-principal, and not a fellow-servant, and that the defendant is to be treated as if he himself erected the scaffold. This question has been settled to the contrary by the supreme court of this state in many cases.

In *Noyes* v. *Wood*, 102 Cal. 392, [36 Pac. 766], the rule is thus stated by Judge Temple: "Plaintiff testified that Wayne was foreman and in charge of the work for defendants, and as such put up the scaf...d and ladder which fell with plaintiff. It is therefore claimed that the negligence of Wayne was the negligence of his principals—the defendants. Upon this theory the case was tried and was argued here by appellant. Of course, under repeated decisions of this court, the grade of work of employees is an immaterial circumstance. Defendants would not have been liable to the plaintiff for the negligence of Wayne even if he had had entire charge and control of the work, with full power to hire and discharge the men. (*Davis* v. *Southern Pacific Co.*, 98 Cal. 19, [35 Am. St. Rep. 133, 32 Pac. 708] ; *Congrave* v. *Southern Pacific Co.*, 88 Cal. 360, [26 Pac. 175] ; *Burns* v. *Sennett*, 99 Cal. 363, [33 Pac. 916] ; *Stevens* v. *San Francisco etc. R. Co.*, 100 Cal. 554, [35 Pac. 165].) He was still but a fellow-servant with plaintiff; and as his competency is not questioned defendants are not liable for his negligence."

It is settled in this state that it is not the grade of service which fixes the master's responsibility in case of accident; it is the character of the act. The act of furnishing a safe scaffold in this case is not one which it was the duty of the defendant to perform. Owens was not, therefore, a vice-principal, but a fellow-servant; and the fact that he was foreman made him none the less a fellow-servant.

The order is affirmed.

Kerrigan, J., and Hall, J., concurred.