### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## WESTERN DIVISION.

---

## JACKSON, APRIL TERM, 1914.

---

### R. A. GRIFFIN & SON *v.* PARKER. [*]

### (*Jackson.* April Term, 1914.)

1. MASTER AND SERVANT. Liability for injuries. Unsafe scaffolds.

While the rule that an employer must use reasonable diligence to furnish a safe place and safe instrumentalities for the work to be done is subject to the exception that where he supplies ample material of good quality and competent labor for the construction of a scaffold, which he is not required to furnish in a completed state, and which the employees within the scope of their employment are themselves required to construct,

---

[*]As to the master's liability for negligence of coservant in respect to preparation of scaffolds, staging, etc., see note in 54 L. R. A., 142.

Upon the duty of the master to furnish safe appliances as affected by fact that defective appliances are prepared by fellow servants, see notes in 3 L. R. A. (N. S.), 500 and 4 L. R. A. (N. S.), 220.

Griffin & Son v. Parker.

he is not liable for the negligence of a fellow servant in the construction of the scaffold, the employer must either furnish the scaffold complete for use, or leave the employees unembarrassed in selecting the material from that furnished, and where the selection is intrusted to a foreman, he is deemed a vice principal. (*Post, p.* 451.)

Cases cited and approved: Killea v. Faxon, 125 Mass., 485; Kennedy v. Spring, 160 Mass., 203; Rose v. Walker, 139 Pa., 42; Kimmer v. Weber, 151 N. Y., 417; Noyes v. Wood, 102 Cal., 389; Lindvall v. Woods, 41 Minn., 212; Haakensen v. Burgess, etc., Co., 76 N. H., 443; Haskell v. Cape, etc., Co., 4 L. R. A. (N. S.), note, pp. 226-229; Lambert v. Missisquoi Pulp Co., 72 Vt., 278; Sowles v. Norcross Bros. Co., 195 Fed., 889; Olsen v. Nixon, 61 N. J. Law, 671; Blomquist v. Chicago, etc., R. Co., 60 Minn., 426; Lee v. Leighton Co., 113 Minn., 373; Arkerson v. Dennison, 117 Mass., 407; Donahue v. Buck, 197 Mass., 550; Dunleavy v. Sullivan, 200 Mass., 29; Richards v. Hayes, 17 App. Div., 422; Austin Mfg. Co. v. Johnson, 89 Fed., 677.

2. **MASTER AND SERVANT. Liability for injuries. Burden of proof.**

Where a scaffold, which an employer was bound to keep safe by the exercise of reasonable care, was not defective when constructed, but collapsed because of the negligence of a workman in dislodging a brace, thus permitting a board set on edge to turn flat and break, the burden was on an employee, suing for injuries, to overcome the presumption of due care on the part of the employer by proof that he had notice of the defective condition, or in the exercise of ordinary care should have known thereof. (*Post, p.* 454.)

Cases cited and approved: Railroad v. Lindamood, 111 Tenn., 463; Railroad v. Hayes, 117 Tenn., 680.

3. **MASTER AND SERVANT. Liability for injuries. Burden of proof.**

No presumption of negligence could arise from an employer's failure to discover a defect in a scaffold within an hour and a

half after it became defective by the displacement of a brace. (*Post, p.* 454.)

Case cited and construed:   Box Co. v. Gregory, 119 Tenn., 537

FROM ————

.Appeal from the ——— court of ———county to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— —————, Judge.

THOMAS H. MALONE and LARKIN E. CROUCH, for plaintiff.

J. B. DANIEL, for defendants.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit was brought by Parker to recover damages for personal injuries incurred while in the service of the appellant firm of contractors as a carpenter. In the circuit court a judgment was recovered by Parker; but the court of civil appeals has reversed this judgment and remanded the case for a new trial.

Neither party is content with the action of the last-named court, with result that two petitions for *certiorari* are before us asking for a review of the judgment. Parker's contention is that there was error in the remand of the cause; the contracting firm insists that its motion for peremptory instructions to the jury in the lower court should have been sustained.

Parker, a carpenter of 35 years' experience, while in the employ of petitioner firm, was injured by the falling of a scaffold on which he was standing doing work on the ceiling of a church under course of erection in Nashville. The scaffold was about twenty-eight feet high, and was held up by boards of yellow pine about 28 feet in length which projected as supporting beams or arms. One of these arms, 6 inches wide and 2 inches thick, carried a knot (about 1½ inches in size) about the center of its length. This arm was in the construction of the scaffold set edgewise, and if held to that position was capable of sustaining a greater weight than it would if set flat. It was held firmly by braces when first placed; but, after so remaining for about five weeks, these braces or one of them had been displaced by material carried up by workmen striking against same. With the brace removed, the arm or beam careened under the weight of the floor, men, and material above it, and when it turned flat from upright the arm broke at the center, where the knot was, causing the collapse and Parker's fall.

The court of civil appeals held that the proximate cause of the breaking was not the knot, but the displacement of the bracing and the consequent careening of the beam. Parker himself testified that immediately preceding the collapse he felt this beam careen and did not have time to protect himself.

The scaffold was built under the supervision of R. A. Griffin, Jr., who was not a member of the firm sued, but

a general foreman employed by the firm, and who inspected the lumber that went into the scaffold. Parker was not engaged at this building when the scaffold was erected, but a boss of the firm on another job in the city. He had come to the church construction work one day before the scaffold fell.

The court of civil appeals found the fact to be, on the uncontradicted evidence, that the firm furnished ample suitable material with which to erect the scaffold; that, so far as disclosed, no one noticed the knot in the beam until after the break and collapse.

It is not shown when the bracing of the arm was displaced. The only evidence on the point elicited was to the effect that it might have occurred on the morning of the collapse. Work commenced at 7 a. m. and the fall of the scaffold occurred at 8:30 a. m.

The primary contention of the firm sued is that this scaffold was a temporary structure, intended only to be used by the carpentry crew in finishing the room where it was constructed; that it was but a part of the work in which the force (of which Parker claimed to be a member) was engaged; that they, as employers, furnished an ample quantity of suitable materials, employed a competent foreman, and did not themselves undertake to furnish the scaffold as a completed structure; and that, therefore, they are not answerable to Parker for his injury—citing *Killea* v. *Faxon,* 125 Mass. 485; *Kennedy* v. *Spring,* 160 Mass. 203, 35 N. E. 779; *Ross* v. *Walker,* 139 Pa. 42, 21 Atl. 157, 159, 23 Am. St. Rep. 160; *Kimmer* v. *Weber,* 151 N. Y. 417, 45 N.

E. 860, 56 Am. St. Rep. 630; *Noyes* v. *Wood,* 102 Cal.
389, 36 Pac. 766; *Lindvall* v. *Woods,* 41 Minn. 212, 42
N. W. 1020, 4 L. R. A. 793, and other cases in accord.

The general rule is that an employer is bound to use
reasonable diligence to furnish the employee a safe
place and safe instrumentalities for the work to be
done; but an exception exists in case of a scaffold
where the employer supplies ample material of good
quality and competent labor for the construction of
such appliance, which he is not required to furnish in
a completed state, and which the employees, within the
scope of their employment, are themselves required to
construct.   In such case the employer is not liable to
one of the workmen for the negligence of a fellow serv-
ant in the construction of the scaffold.   Authorities,
supra; *Haakensen* v. *Burgess, etc., Co.,* 76 N. H., 443,
83 Atl., 804, Ann. Cas. 1913B, 1122, and note; *Haskell* v.
*Cape, etc., Co.,* 4 L. R. A. (N. S.), note pp. 226-229.

A close question, touching which the authorities are
not in accord, is whether an exception to the above-
noted exception arises where the employer has en-
gaged in the work of scaffold construction a foreman,
to whom is assigned the selection of the material from
the mass or the designing of the structure, and where
by reason of the negligence of the foreman in regard
to such matter injury to an employee occurs, and the
doctrine of fellow servant is interposed as a defense by
the employer.

In the case of *Ross* v. *Walker,* supra, it appeared that
Walker, the employer, had in his employ as foreman

one Duffey. The trial court instructed the jury that if Duffey was in the entire control of the work, determining what and where materials were to be used for the scaffolding, he was to be deemed to be a vice principal, and his negligence would be that of defendant Walker. The supreme court of Pennsylvania, holding this to be error, said:

"For an error in judgment, or neglect of duty on the part of any one of his employees, from the foreman down to the humblest unskilled laborer, he was not liable. It was not material to this inquiry to know whether 'Duffey had entire charge and control of the work' as a foreman or not; nor to know whether he selected from the mass furnished by the employer the materials to be used for any particular purpose, or not. . . . The inquiry is: Was it the employer's duty, after having provided materials ample in quantity and quality, to supervise the selection of every stick out of the mass for every purpose? To state the question is to answer it. This was not his duty, and for this reason Duffey, if he did select the timber, . . . did not represent Walker as a vice principal in such selection." See, also, Lambert v. Missisquoi Pulp Co., 72 Vt., 278, 47 Atl., 1085; Lindvall v. Woods, 41 Minn., 212, 42 N. W., 1020, 4 L. R. A., 793; Sowles v. Norcross Bros. Co., 195 Fed., 889, 115 C. C. A., 577; Noyes v. Wood 102 Cal., 389, 36 Pac., 766; Olsen v. Nixon, 61 N. J. Law, 671, 40 Atl., 694.

We are of opinion, however, that the cases ruling to the contrary announce the better doctrine. When the

employer through such a foreman undertakes, as we must infer to have been the fact from the evidence in this case, to make the selection of the materials for use in the scaffolding, the foreman is to be deemed a vice principal. The fact of selection by him defined for the common employer what was fit for use; opportunity for the exercise of discretion on the part of workmen in the selection from any mass was withheld. Without such discretion coming into play, it is difficult to see how any of the workmen can be convicted of negligence in that regard, as a basis for a denial of relief to Parker. *Woods* v. *Lindvall,* 48 Fed., 62, 1 C. C. A. 37; *Blomquist* v. *Chicago, etc., R. Co.,* 60 Minn., 426, 62 N. W., 818; *Lee* v. *Leighton Co.,* 113 Minn., 373, 129 N. W. 767; *Arkerson* v. *Dennison,* 117 Mass., 407; *Donahue* v. *Buck,* 197 Mass., 550, 83 N. E., 1090, 18 L. R. A. (N. S.), 476; *Dunleavy* v. *Sullivan,* 200 Mass., 29, 85 N. E. 866; *Richards* v. *Hayes,* 17 App. Div., 422, 45 N. Y. Supp., 324; *Austin Mfg. Co.* v. *Johnson,* 89 Fed. 677, 32 C. C. A., 309.

We hold, therefore, that when the foreman exercised the function of making such election he acted as vice principal. It was the duty of the employer (1) to furnish the scaffold as an instrumentality complete for use; or (2) to leave the employee unembarrassed as to selection from a mass of character above defined.

We also conceive that the facts found establish that the scaffold when constructed was not a defective structure, and that the beam or arm as placed was sufficient to render the scaffolding superimposed secure. The

efficient cause of the collapse was not due to any defect of construction, but to the negligent acts of the workmen thereafter in dislodging the bracing. Treating the scaffold as an instrumentality in reference to which the employer firm owed the workmen the duty to keep safe, by the exercise of reasonable care, yet under another firmly established rule it was incumbent on Parker, as plaintiff below, to overcome the presumption of the exercise of due care on the part of the employer by proof of fault, in that the latter had notice of this defective condition, or that in the exercise of ordinary care he should have known of it. *Railroad* v. *Lindamood,* 111 Tenn., 463, 78 S. W., 99; *Railroad* v. *Hayes,* 117 Tenn., 680, 99 S. W., 362.

For aught that appears in the proof, the displacement of the bracing occurred within 1½ hours before the accident. In *Box Company* v. *Gregory,* 119 Tenn., 537, 542, 105 S. W., 350, 13 L. R. A. (N. S.), 1031, it was held that no presumption of negligence could arise from the employer's failure to inspect during a period of 4½ hours covering the period of the existence of the defect; and on that ground it was ruled that peremptory instructions should have been given on defendant's motion.

A like holding must here result. The judgment of the court of civil appeals will, on grant of the writ of *certiorari,* be modified accordingly.