MEMPHIS STREET RAILWAY COMPANY *v.* DANIEL H.
STOCKTON.

(*Nashville.*  December Term, 1920.)

1. **MASTER AND SERVANT.**  No liability for latent defects.

A master is not usually liable for latent defects. (*Post, pp.* 205-209.)

2. **MASTER AND SERVANT.**  No liability for recent defects.

A master is not liable for defects arising so short a time prior to
the accident as not to have been discovered by him in the course
of his reasonable inspections.  (*Post, pp.* 205-209.)

3. **MASTER AND SERVANT.** Motorman on car with defective air
brake held not entitled to invoke doctrine of res ipsa loquitur.

Where plaintiff, a student motorman, operating a car making its
first trip in the morning, was injured in a collision with another
car at the foot of a hill because applications of the air brake by
himself and his instructor failed to check the car, though one
stop had been made by the use of the brake, he was not entitled
to invoke the rule of *res ipsa loquitur* to raise an inference of
the company's negligent ignorance concerning the defect in the
brake, and thus save his case  for the jury.  (*Post, pp.* 205-209.)

Cases cited and approved: Morris Bros. v. Bowers, 105 Tenn., 59;
Box Co. v. Gregory, 119 Tenn., 537; Griffin & Son v. Parker, 129
Tenn., 446.

Case cited and distinguished: North Memphis Savings Bank v.
Union Bridge & Construction Co., 138 Tenn., 161.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the
Court of Civil Appeals, and by *certiorari* to the Court of

Civil Appeals from the Supreme Court.—HON. A. B. PITT-
MAN, Judge.

McKINNEY BARTON, for plaintiff in error.

EWING, KING & KING, for defendant in error.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by an employee of the Memphis
Street Railway Company to recover damages for personal
injuries sustained by him in a collision between two cars.
There was a judgment for the plaintiff below, which, with
a *remittitur*, was affirmed by the Court of Civil Appeals.
The street railway company brought the case to this court
by *certiorari* and it has been argued here.

Stockton, the plaintiff below, was a student motorman
when hurt. He took his first lesson on the day before he
was injured, being on the car about nine hours. On the
next day he and the instructor, Miller, took a car out from
the car barn early in the morning. On this trip Stockton
would run the car part of the time and the instructor,
Miller, would run it part of the time.

Stockton testified that when they got out in that por-
tion of the city known as East End and were on top of
a grade he saw another car standing down at the foot of
the hill. Stockton was running the car at this time, and
Miller told him not to get too close to the other car.
Stockton says that he shut off the controller and put on
the air, putting it into "service," which is the ordinary

application of the air brake made to check the speed of a car.

He said that this application of the air did not check the car, and that he then shoved the brake into "emergency," and that the emergency application did not check the car.

Miller then said, "Let me have it." Miller released the brakes, applied the air again without effect, and then reversed without effect, and this car about that time hit the other one.

Stockton stated that they were about 100 yards from the other car when he first put on the brake, and about thirty or forty yards from the other car when Miller took charge. Stockton added that the reverse application by Miller did not check the car; that it seemed to go faster; that they were running about eight or ten miles an hour when the brakes were first applied, and about twelve or fifteen miles an hour when Miller took charge of the car. Stockton further claimed that when the cars got within about twelve or fifteen feet of each other they seemed to jump together.

The car on which Stockton was riding was telescoped by the other, and Stockton was very seriously injured. It is conceded that he is to be regarded as an employee of the company at the time of this accident.

The foregoing is the substance of the case of the plaintiff below. The street railway company introduced no proof, but moved for a directed verdict at the conclusion of the plaintiff's proof, and the company stands on this motion here.

An analysis of the testimony offered by the plaintiff below will disclose that the motion of the defendant below for peremptory instructions should have been sustained, unless the plaintiff's case can be saved by an application of the rule *res ipsa loquitur*.

The proof offered certainly indicates a defective condition of the brakes on this car. The failure of the car to stop when Stockton applied the service brake and the emergency brake, and its failure to respond to like applications by Miller, an instructor, a man of experience in this line, unquestionably points to a defect in the braking apparatus.

We may say in this connection that we do not think the facts proven indicate any other defect in the car except a defective brake. The fact that the car increased its speed when Miller took it over is naturally explained by the circumstance that it was going down hill, and according to Stockton's testimony Miller released the brake before making his application thereof. The failure of the reverse to check the speed of the car does not indicate that this appliance was out of order. At this time the car was running pretty rapidly, and the proof shows that the rails were slick, the morning being damp. Reversing an engine or car is frequently ineffective to check its speed under conditions such as appear here.

So far as the defective brake is concerned, there is no occasion for the plaintiff to invoke *res ipsa loquitur*. The circumstances proven were entirely sufficient to take the case to the jury on the question of a defect in the brakes.

There is, however, no proof whatever indicating the character of this defect in the brakes, nor is there any proof indicating how long the defect had existed, except that plaintiff below testified they took on one passenger before the accident, a negro woman. This is a circumstance in favor of the company, since the passenger could not have been taken on without stopping the car, and the brakes, therefore, must have been in working order when the car left the barn and when this stop was made.

So it appears that nothing was offered by the plaintiff below tending to charge the street railway company either with actual or constructive knowledge of the defect in the brakes.

Here it is that counsel for the plaintiff below insists that the rule of *res ipsa loquitur* may be called in to supply this omission in his proof and to save his case.

The doctrine of *res ipsa loquitur* was thoroughly discussed, and our cases touching this subject were reviewed in a recent opinion by Chief Justice NEIL. *North Memphis Savings Bank* v. *Union Bridge & Construction Co.*, 138 Tenn. 161, 196 S. W. 492. It would serve no useful purpose to go over this ground again.

In the foregoing opinion the following appears: "We see no reason why the rule *res ipsa loquitur* may not apply between master and servant where proof of the injury and of the physical thing inflicting it also excludes the presumption in favor of the master having performed his duty in the furnishing of a safe place to work and suitable tools to work with; also the servant's own negligence, that of his fellow servants, and the servant's assumption of the

risks of the employment; but obviously such a case must be rare." *North Memphis Savings Bank* v. *Union Bridge & Construction Co., supra.*

This observation of the learned Chief Justice is entitled to the greatest consideration. However, the rule *res ipsa loquitur* was not applied in that case, and counsel for the street railway company insists that it cannot be applied under our authorities as between master and servant. This question is elaborately discussed in the case before us, but is not a question necessary to be decided herein, so far as the general principle is involved.

In *North Memphis Savings Bank* v. *Union Bridge & Construction Co., supra,* the court distinguished between the application of the rule *res ipsa loquitur* in its primary sense and in its secondary sense, saying:

"Where the evidence shows an injury inflicted, and also the physical thing inflicting it, and that thing does not usually, or in the ordinary course, produce such a result where due care is exercised by those in charge of it, it may be inferred that those so in charge of the thing inflicting the injury failed to exercise such due care; that is, that they were guilty of negligence. The term *'res ipsa loquitur'* is often used in the more extensive sense of including all pertinent facts both antecedent and subsequent to the infliction of the injury, which facts tend in and of themselves to indicate the responsible human agency. The former seems to us the more accurate." *North Memphis Savings Bank* v. *Union Bridge & Construction Co., supra.*

To state it differently, the application of this rule in its primary or distinctive sense rests on common exper-

ience, and "not at all on the circumstances of the particular case tending of their own force to show that the very accident in question was in fact the result of negligence." Note L. R. A. 1917E, 9.

In the first case an artificial presumption of law is employed. The second case is really one of circumstantial evidence, although the inference justified by *res ipsa loquitur* is thrown in along with other facts proven to make out plaintiff's case.

As stated before, no facts are proven in this record which tend to show that the street railway company had knowledge of any defect in the brake, nor is any fact proven which tends to show that the street railway company should have in the exercise of ordinary care acquired such knowledge.

If *res ipsa loquitur* is to be employed at this angle of the case, it must be in its primary or distinctive sense.

The question then is: May it be inferred from common experience that the bare failure of this brake to work indicated a defect which was of such a character and had existed for such a length of time as that the master knew or in the exercise of reasonable care should have known of its existence?

How can we say that the master knew of this defect or ought to have known of it when the character of the defect itself is utterly unknown?

An air brake is a somewhat complicated apparatus. There may be obvious defects in such machinery and there may be hidden defects therein.

The master is not usually liable for latent defects. *Morris Bros.* v. *Bowers,* 105 Tenn., 59, 58 S. W., 328; Labatt on Master & Servant, vol. 3, p. 2716. Nor is the master liable for defects arising so short a time prior to the accident as not to have been discovered by him in the course of his reasonable inspections. *Box Co.* v. *Gregory,* 119 Tenn., 537, 105 S. W., 350; *Griffin & Son* v. *Parker,* 129 Tenn., 446, 164 S. W., 11, L. R. A., 1917F, 497.

Since we have no intimation of the nature of the defect in this brake, we think it would be a violent assumption for us to say that it was discoverable on reasonable inspection, or that it had existed for such a length of time as that the master should have known of it. The latter notion is really negatived by the proof in the case showing that the car stopped after it left the barn on the morning of the accident to take on a passenger, at which time the brake was almost certainly used, and must have been in working order.

It may be that rare cases will arise in which *res ipsa loquitur* can be invoked by way of raising an inference of negligent ignorance against a master in favor of his servant. We are clear, however, that under the circumstances of this case such an inference would not be permissible. We do not think it would be a safe inference in the light of common knowledge or experience. Our cases are reviewed in *North Memphis Savings Bank* v. *Union Bridge & Construction Co., supra,* and we will not go over them again. It is sufficient to say that this case would be out of harmony with all of them if it should be disposed of in accordance with the contentions of plaintiff below.

Memphis Street Ry. Co. v. Stockton.

In our opinion the motion for peremptory instructions in favor of the defendant below should have been granted. It follows that the judgment of the circuit court and of the Court of Civil Appeals will be reversed, and this suit dismissed.