Mebane *v.* Baptist Memorial Hospital.

(*Nashville,* December Term, 1938.)

*Opinion filed December 17, 1938.

John R. Walker, Jr., of Memphis, for plaintiff in error.

*Designated for publication December 7, 1942.

JOHN W. McCALL, of Memphis, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit for damages for personal injuries. There was a directed verdict for defendant in the trial court and the judgment of that court was affirmed by the Court of Appeals.

Plaintiff Mebane was an employee of the defendant hospital. While going from one floor to another of the defendant's building, in the pursuit of his duties, plaintiff was injured by a fall of an elevator on which he was riding. The elevator dropped from the third floor to the basement, a distance of about forty feet, and plaintiff sustained injuries for which he sued.

Actually there is no proof as to a cause of the elevator falling. It was alleged in the declaration and assumed and conceded throughout the trial below that a wire cable or cables supporting the elevator cage broke, and we treat this as a fact in evidence.

It is further alleged that the safety appliances on the elevator failed to work and arrest the fall of the cage when the cable broke. There is no proof whatever as to the nature of the defect in the cable—what caused it to break. Neither is there any proof as to the nature of the defect in the safety appliance—why it failed to work.

It is the duty of the master to use ordinary care to provide his servants with a safe place to work and safe appliances with which to work, and this duty involves the duty of reasonable inspection of such places and appliances. There is no proof in the record before us as to when an inspection of this elevator, cables and safety appliances was made.

So that the case comes before us with no evidence as to the nature of the defect in the cable, with no evidence as to the nature of the defect in the safety appliance, and no proof that such defects had existed for a sufficient length of time as that the master, in the exercise of reasonable care, should have known of their existence. Indeed, there being no proof as to the nature of the defects, it cannot be said that they were not latent and therefore not ascertainable by reasonable inspection.

Such being the plight of the case, it cannot be saved by an application of the doctrine of *res ipsa loquitur*, as urged by plaintiff's counsel. The case is quite similar to that of *Memphis Street R. Co.* v. *Stockton,* 143 Tenn., 201, 226 S. W., 187, 189, 22 A. L. R., 1467. There a motorman was injured in a collision of two street cars. The cars collided because there was a defective brake on one of them—a brake which would not hold. Nothing was shown as to the nature of the defect in this brake. The court said the question presented by the invocation of the doctrine of *res ipsa loquitur* was this:

"May it be inferred from common experience that the bare failure of this brake to work indicated a defect which was of such a character and had existed for such a length of time as that the master knew or in the exercise of reasonable care should have known of its existence?"

This question was answered in the negative and the court declared that it could not be said that the master knew, or should have known, of this defect when the character of the defect itself was utterly unknown.

We think the case before us falls directly under authority of *Memphis Street R. Co.* v. *Stockton,* and the judgment below is affirmed.