JOHN W. MASON & others *vs.* SILAS H. POMEROY & others.
WILLIAM TURNBULL & another *vs.* SAME.

Berkshire.    September 23, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Equity — Res Judicata.*

An equity case, in which it was sought to apply a trust estate to the payment of
certain claims, was sent to a master, under a rule that all claimants, including
the three trustees thereof, should establish their claims before him, and that
those not doing so should be barred from sharing therein. The master reported
the claims thus allowed, including debts of the second class, so called, which
were incurred while the trust was being managed by one trustee alone, who had
secured the other two trustees by a bond with surety. The two trustees, who
were represented before the master and made no objection to his report, and
whose counsel argued the case before this court, filed a petition in the case,
more than a year after a rescript was sent ordering payments of claims of the
second class, for a reconsideration of the former decision. *Held*, that the peti-
tion came too late.

TWO PETITIONS, by William Turnbull and Charles Atwater,
two of the trustees under the will of Theodore Pomeroy, one
filed on May 8, 1891, in the case of *Mason* v. *Pomeroy*, after the
decision in that case reported in 151 Mass. 164, and the other in
the case of *Turnbull* v. *Pomeroy*, also pending in this court, to
" settle and determine the respective accounts of the trustees and
their acts and doings in the premises, and the equities therein,
and the amounts for which they are respectively entitled to in-
demnity from the trust estate, and the rights of the creditors
thereunder." The petition in the case of *Turnbull* v. *Pomeroy*
also asked for the appointment of a receiver, and alleged that the
equities between the petitioners and Silas Harris Pomeroy, their
co-trustee, had never been settled and determined, and that a
bond given by him to them to secure them as co-trustee, with
Henry W. King as surety, was still in force. The petitions
were denied by a single justice of this court; and the petitioners
appealed to the full court.

*F. P. Goulding & T. P. Pingree*, for the petitioners.
*M. Wilcox*, for the respondents.

Holmes, J.   The more important of these cases is a petition in
the cause of *Mason* v. *Pomeroy*, stated in 151 Mass. 164.   The
petition is filed by Turnbull and Atwater, two of the trustees
under the will of Theodore Pomeroy, and practically seeks to
obtain a reconsideration of the former decision, or at least to
avoid its effect.   It is unnecessary to state what is to be read in
the former report.   The suggestion now is that creditors of trus-
tees can come against the trust fund only by way of subrogation
to the right of the trustees ; that the debts which were incurred
while Silas Harris Pomeroy was managing the trust alone, called  ·
debts of the second class, were not incurred in the legitimate
management of the trust; that the creditors of this class can
come on the fund only through Pomeroy, and that he has no
equity against the fund, but, on the contrary, is indebted to it to
a large amount.   Without considering nicely what is open upon
this petition after the finding of the single justice, the answer to
it, so far as it claims a further hearing upon the facts as matter
of right, is that the petitioners have had their day in court.   The
case was sent to a master, under a rule that all persons making
claims against the trust estate, including the trustees named in
the will, should appear before him for the purpose of presenting
and establishing their said claims, and that all persons not ap-
pearing after citation should be debarred from any share in the
trust estate.   The master filed his report of the claims so estab-
lished and allowed, and he included among them the debts of the
second class.   The petitioners were represented before the mas-
ter; they made no objection to this report; their counsel argued
the case before this court, and this petition was not filed until
more than a year after the rescript was sent ordering a decree
for the plaintiffs' creditors of the second class.

It is true that the master states that he does not find whether
Silas Harris Pomeroy did or did not carry on the business in ac-
cordance with the terms of the decrees of this court, but, however
this statement is to be construed, it cannot be construed as leav-
ing open, or as intended to leave open, any element of fact bear-
ing on the right of creditors of the second class to share in the
fund, — a right which was most explicitly denied by the answer
of Turnbull and Atwater, and which was found to be established
subject to the questions of law apparent on the face of the report.

It is very possible that, if the master or the counsel for the petitioners had had the decision of this court before them, they would have paid more attention to the question of Silas Harris Pomeroy's equities. But this has no bearing on the rights of the petitioners, and at most could be taken into consideration if we are to · regard the petition as an appeal to the discretion of the court to reopen the case, and to give the petitioners a chance to try the matters of fact alleged by them more fully than they did when they were entitled to go into those matters.

If we are to regard the petition as an appeal to our discretion, we feel more hesitation in dealing with it. On the whole, however, we should not feel justified in causing additional delay and expense to creditors in order to allow the further trial of a very doubtful case.

A receiver has been appointed by the consent of all parties in the case of *Mason* v. *Pomeroy*, and the assets are in his hands. The prayer for a receiver in the case of *Turnbull* v. *Pomeroy* was waived at the hearing. The rights of all parties in the fund have been determined in the Mason case, and practically there is nothing left to be done in the Turnbull case except to dispose of it formally. If Turnbull and Atwater have any claim against Pomeroy and his surety, King, on their bond, they can establish it by suit.          *Petition denied.*