MALDEN & MELROSE GAS LIGHT COMPANY *vs.* FRANK E. CHANDLER.

SAME *vs.* SAME.

Middlesex.    December 8, 11, 1911. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice,* Appeal.

On an appeal by the defendant in a suit in equity from a final decree for the plaintiff entered after a rescript had been issued by this court overruling the defendant's exceptions to the rulings of the trial judge, this court, after reading a voluminous report of all the evidence, *held* that the evidence warranted findings of fact which supported the decree, and *said* that the finding for the plaintiff appeared on all the evidence to be the only satisfactory conclusion which could be reached.

Two BILLS IN EQUITY, filed in the Superior Court on December 3, 1906, and January 21, 1907, by a corporation against its former president, for an accounting as to money alleged to belong to the plaintiff and to have been received by the defendant as the plaintiff's agent and to have been retained by him for his own use and benefit, the defendant having procured the money from the plaintiff for the purchase of certain land for the plaintiff.

The cases were heard together by *Dana,* J., who in both cases found for the plaintiff with costs. The defendant alleged exceptions to the rulings of the judge, which were overruled by this court in a decision reported in 209 Mass. 354. After the issuing of the rescripts final decrees were entered for the plaintiff, from which the defendant appealed, all of the evidence being reported by a commissioner appointed under Equity Rule 35.

*T. W. Proctor,* (*S. R. Wrightington* with him,) for the defendant.

*W. O. Underwood,* for the plaintiff.

BRALEY, J. It was adjudicated, when these cases were first before us on the defendant's exceptions with a report of all of the material evidence, that the judge was warranted in finding that the defendant had intentionally defrauded the plaintiff of the amounts charged in the bills of complaint. *Malden & Melrose*

*Gas Light Co.* v. *Chandler*, 209 Mass. 354. *Mason* v. *Pomeroy*, 154 Mass. 481. *Boyd* v. *Taylor*, 207 Mass. 335. *McManus* v. *Thing*, 208 Mass. 55, 60. The exceptions having been overruled and final decrees entered in conformity with our decision, the defendant appealed to this court, where he contends that the decrees should be reversed and the bills severally dismissed. If under our practice a defeated party may prosecute questions of law by a bill of exceptions in suits in equity as well as in actions at law, it would seem that when on exceptions the merits of the litigation are fully presented and decided, the additional remedy of an appeal after rescript ordinarily would not be invoked. *Kennedy* v. *Welch*, 196 Mass. 592, 594.

But if the appeal in the case at bar "practically seeks to obtain a reconsideration of the former decision, or at least to avoid its effect," as was said by Holmes, J., in *Mason* v. *Pomeroy*, 154 Mass. 481, 482, the defendant nevertheless is entitled to a review of the evidence by us on the questions of fact. The review of course is subject to the familiar rule that unless clearly erroneous the findings made on the evidence by the trial judge will not be reversed. Where the credibility of witnesses and their interest in the result is largely involved, this rule, while not absolutely controlling, should be given its full effect. The personality of the witness, his manner while giving evidence, the sincerity of the narrative as manifested by the oral expression, cannot be reproduced by the printed record. *Revere Water Co.* v. *Winthrop*, 192 Mass. 455, 459.

We have carefully read the voluminous report of the evidence, which was taken by a commissioner, and find no essential difference as to the issue of liability when the evidence presented by the appeal is compared with the evidence contained in the exceptions. The defendant was called by the plaintiff and apparently cross-examined under the provisions of R. L. c. 175, § 22, and his entire evidence covers two hundred and seventy-six of the eight hundred and twelve pages of the oral testimony. It is impossible, even on his own statements of the negotiations for the purchase and transfer of the two parcels of land, not to entertain grave doubts as to the reliability of his evidence. If it was necessary from the defendant's point of view that one Stetson should first take the title to one of the parcels, no reason-

able explanation is shown why Stetson should have conveyed the land to one Gaffey, who conveyed to the company and whom the defendant had employed as an intermediary to take title in many business transactions; or why Gaffey, instead of the company, should first have taken title to the other parcel. When Stetson had acquired title and the owners were ready to transfer the second parcel, he and they could have conveyed directly to the company, for aught that appears, without the purchase price being disclosed by the deeds. But instead the other course was deliberately taken, and the checks, which the defendant obtained from the company's treasurer, were made payable by the defendant's order to Gaffey, who indorsed them as the defendant directed, and the account was carried on the company's books in Gaffey's name. The defendant then took the proceeds of the checks and as he claimed used the money in payment for the land. A clear, connected, consistent statement of the defendant's full negotiations and payments for the lands described in the first bill of complaint cannot be obtained from his evidence. He apparently bought for $1,000 an acre, and then by some private arrangement between himself and James E. Wellington the price was changed and advanced to $2,000 an acre, and although upon the first arrangement a binding, written contract had been carefully prepared, no contract in writing was made of what the witness admitted "was a different and private trade." The defendant, as we said in our former decision, acted as the company's agent. He was bound to buy on the best possible terms for his principal, and neither directly nor indirectly could he gain any pecuniary advantage for himself. *Malden & Melrose Gas Light Co.* v. *Chandler,* 209 Mass. 354. But without rehearsing it, when the testimony of the plaintiff's witnesses, among whom were the vendors and Gaffey and Stetson, is reviewed, and which we find was not in material particulars controlled by the witnesses for the defense, the defendant's account of the transactions is seriously impeached.

As the case was left at the close of the evidence, it then devolved upon the trial judge to decide, on conflicting testimony, where the truth lay and to determine whether the defendant's account of what he had done, even when viewed in the most favorable aspect, should be accepted and implicitly followed. The

result is shown by the decrees which he ordered entered, and, the evidence having warranted findings that the defendant by the methods which he adopted obtained from the plaintiff double the amount he paid for each parcel and appropriated the excess for his own use, the decrees not only are supported by the testimony introduced by the plaintiff, but appear upon all the evidence to be the only satisfactory conclusion which, under an impartial consideration of the record, could be reached.

It follows that in each case the decree must be affirmed with costs.

*Ordered accordingly.*