JAMES A. NOYES, executor, & another vs. ELBRIDGE NOYES.

Essex.   December 5, 1919. — January 8, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, & JENNEY, JJ.

*Equity Pleading and Practice*, Appeal, Motion for leave to file supplemental answer
after rescript ordering injunction.  *Election.*

A motion to open an order for a final decree, contained in a rescript from this court
directing that the defendant in a suit in equity be restrained from the further
prosecution of an action at law, and to permit the filing of a supplemental an-
swer, properly may be denied, where it appears that the ground for defence set
up in the supplemental answer was ignorance of the law as to the effect of cer-
tain conduct of the defendant as to an election, that the issues of fact sought to
be raised by the supplemental answer were open under the original answer, and
that the rule as to election, referred to in the proposed supplemental answer,
had been discussed in a decision by this court overruling exceptions by the de-
fendant in the action at law, the prosecution of which was sought to be en-
joined in the suit in equity.

BILL IN EQUITY, filed in the Supreme Judicial Court on June 23,
1916, and amended as of August 30, 1916, by James A. Noyes,
both as the surviving executor of the will of James Noyes, the
father of himself and of the defendant, and individually as a de-
visee under that will, to enjoin the defendant from the further
prosecution of an action at law, which he had brought against
the plaintiff and another as the executors of the will of James
Noyes on an alleged agreement in writing, quoted in the opinion,
and which previously was before this court and was reported in
224 Mass. 125.

A demurrer to the bill was overruled and the case was referred
to a master and, after the filing of his report, was reserved by
*Braley,* J., upon the pleadings, the appeal from the interlocutory
decree overruling the demurrer and the master's report for de-
termination by the full court.  By a decision reported in 233 Mass.
55, a final decree was ordered enjoining the defendant from further
prosecuting his action at law.

The defendant's answer, as it was when this suit previously
was before this court and the decision reported in 233 Mass. 55,
was made, contained the following allegations, among others:

"As appears from said second motion to set aside the jury's verdict, the issues involved were precisely the same as those which the plaintiff seeks to raise by this bill; and the defendant is advised and accordingly avers that the denial of said second motion by the presiding justice of the Superior Court, after full hearing, is both as matter of fact and of law a finding and ruling by said Superior Court; that the issues which the plaintiff now seeks by his bill to try in this court were actually tried by the jury in the Superior Court and settled and determined by the jury's verdict.

"And the defendant is advised and avers that the plaintiff is finally concluded by the finding and ruling of the Superior Court, because the issues presented for trial in this bill were determined and adjudicated against the plaintiff in said action in the Superior Court.

"The defendant denies that said suit at law was not defended on the ground that it was barred by an election which this defendant had made to take under the will property thereby devised and bequeathed to him, either by mistake and oversight of the attorneys, or otherwise, and he states the fact to be that said defence of election, so far as it might properly be raised in the cause, was raised by the defendant's answer, and was in issue before the jury; that all the facts bearing upon such defence of election were offered in evidence, or might have been so offered, and were heard and considered by the jury; that the particular claim was in fact made, and evidence offered to support it, that this defendant could not under his contract, if valid, recover for the real and personal property set forth and described in his contract, which was the same real and personal property devised and bequeathed to this defendant under the will; that this defence was sustained by the verdict of the jury (either wholly or in part), whereby the matter of such defence has been adjudicated so that this plaintiff is barred and estopped here to litigate his claim that the defendant elected to take the property devised and bequeathed to him in lieu of the debt due to him under said contract.

"The defendant is advised and accordingly avers that except as aforesaid, and in so far as such defence was tried and determined by the jury, the case presented no opportunity for the defence of election, since the property accepted by this defendant as a legacy

under the will was not the property described in the contract for the breach of which the suit was brought.

"And further answering, this defendant avers that in the defence of said lawsuit the defendants there presented the claim that by accepting the property devised by will, the defendant had waived his right to recover upon the contract on which the suit was brought, and the defence was made in substance and effect that by such waiver this defendant had elected to take under the will rather than as a creditor; that the presiding justice was requested so to rule, but in fact ruled in substance and effect that the suit being to recover under the contract as a creditor, the acceptance by this defendant of a legacy under the will was not and could not be, as matter of law, a bar to his suit either on the ground of waiver or election, and the defendant in said action (the plaintiff here) alleged no exception to said rule. . . .

"And further answering, the defendant denies that either by mistake or oversight or otherwise, said suit at law was not defended by the executors on the ground that the plaintiff in said action (the defendant here) had made representations to the executors which they acted upon, to the effect that the agreement upon which he brought his suit did not exist, and that he had no claim against the testate other than for a small amount. And this defendant states the fact to be that the executors in said suit at law did make precisely said claim by way of defence in said suit, and introduced evidence bearing upon said issue and argued the same, whereby the executors are concluded as to such defence by the adjudication of the issue against them in said suit at law. . . .

"And further answering, the defendant denies that in point of fact he ever made an election to take under the will property thereby devised and bequeathed to him, in lieu of payment of the debt due to him under said agreement, and, upon advice, states the fact to be that except so far as is hereinbefore stated in his answer, his said suit at law was not and could not be barred by any alleged election."

After the rescript in this suit, the defendant moved that the order for an injunction therein contained might be opened and that he might be granted leave to file a supplemental answer containing the following allegations:

"1. Upon learning of the provisions of the will of James Noyes,

the defendant failed to renounce and reject the devises therein to him of the parcels of land, of the value of $1,725, that were not provided for in the contract for the partial breach of which the defendant brought his action at law. At that time the defendant acted in ignorance of his obligation to elect whether to accept the said devises and forfeit his rights under the said contract or to renounce the said devises and enforce his rights under the said contract. The defendant had no intention to make such an election.

"The plaintiff and the defendant were mutually ignorant that the facts then existing called upon the defendant to exercise such an election, and the plaintiff did not regard the conduct of the defendant as constituting an election. The defendant first became aware that he should have made such an election, when the opinion of this court upon the reservation heretofore made was given.

"2. If the defendant had at any time acted with such an intention to elect, he would have renounced the said devises and rejected the said parcels of land, and would have elected to seek instead the enforcement of his rights under the said contract which were of much more value than the said devises. By prosecuting his action at law the defendant acted negatively to a supposed intention upon his part to elect to accept the said devises; the defendant knew that the value of those parts of his father's estate that were not specifically disposed of by the will were incommensurate with the amount of the damages to which the defendant was entitled in his action at law, and that by prosecuting the said action he was rendering the said parcels of land liable to be sold by the executor for the satisfaction of the judgment in the said action.

"3. All the bequests and devises to the defendant made in the will of his father were made and were received by the defendant as partial performance of the said contract, except the devises of the parcels of land hereinbefore mentioned, to which the defendant was not entitled under the said contract. In taking possession of the farm jointly with the plaintiff, the defendant was accepting but part of a whole, that is, the homestead place, to which he was solely entitled under the contract.

"The defendant could not have elected as between the will and

his rights under the contract, without repudiating and rejecting, or attempting to repudiate and reject, the partial performance by the testator of the contract, if his election were in favor of the contract. The amount of the damages claimed by the defendant in his declaration in the action of law closely approximated the amount of the verdict, and the defendant in this suit agreed in the action at law that the measure of his damages was the value of the property which he was entitled to under the contract, less the value of those parts of the said property that were given to him by the will. The presiding judge so instructed the jury, in the presence of and without objection from James A. Noyes and counsel for the executors.

"4. The defendant fully performed the contract, as determined by the verdict, remaining upon his father's farm as working manager thereof for more than seventeen years, and thereby furnished substantial and commercially adequate consideration for the full performance by his father of the contract. By reason of the mutual ignorance of the plaintiff and the defendant that an election should have been made and of the absence upon the part of the defendant of an intention to elect, and upon the part of the plaintiff of a belief that an election had been made, the defendant is equitably entitled to defensive relief in this suit.

"5. When the defendant became aware, upon learning of the opinion of the court recently delivered, that he was under an obligation to make an election, he renounced and rejected the parcels of land, of the value of $1,725, that were devised to him by his father and were not covered by the contract. The defendant is willing to execute and deliver any instruments that may be deemed desirable as further evidence of his renunciation and rejection of the said parcels of land. If the parties plaintiff prefer to have the verdict reduced, and will allow the defendant to revoke his renunciation and rejection of the said parcels of land, the defendant herein will enter in the action of law a remittitur in a sum equivalent to the value of said parcels of land, and of his use thereof since the death of his father.

"The defendant offers and consents to pay to the plaintiffs all the costs and expenses paid or incurred by them heretofore in connection with the prosecution of this suit, and such other sums as to the court shall seem just."

The motion was heard by *Pierce*, J., by whose order an inter-locutory decree was entered denying it, from which the defendant appealed. A final decree then was entered by order of the single justice, enjoining the defendant as ordered in the rescript of the decision reported in 233 Mass. 55; and the defendant appealed.

The case was submitted on briefs.

*R. E. Burke & E. E. Crawshaw,* for the defendant.

*H. F. Hurlburt, B. B. Jones & D. E. Hall,* for the plaintiffs.

BRALEY, J. The defendant after rescript and before the entry of a final decree moved for leave to file a supplemental answer and that the case might be reopened. The motion having been denied and a final decree for the plaintiffs entered, he appealed to the full court.

It is unnecessary to rehearse the history of this litigation. It may be found in *Noyes* v. *Noyes,* 224 Mass. 125, and *Noyes* v. *Noyes,* 233 Mass. 55, where all the salient facts are elaborately recited. The exact question before us is, whether as matter of right, or of discretion, the defendant on the record ought to be granted a new trial to enable him to present the defence alleged in the supplemental answer. It was said in *Noyes* v. *Noyes,* 233 Mass. 55, 58, "The provisions of the will for the defendant and the terms of his contract with the testator present a case for the application of the doctrine of election," and it was held on the master's report, that, having elected at the outset to accept the provisions of the will, he could not have maintained the action at common law on the contract, and accordingly enforcement of the judgment thereon should be permanently enjoined. It is urged, however, that, having been ignorant of any legal requirement obliging him to chose between the devises and the enforcement of his rights in an action at law on the contract, he could have had no intention when accepting the benefits conferred by the will to deprive himself of his rights under the contract. But the defend-ant has constantly retained that which was devised, and his alleged ignorance of the law, especially in the light of what was said in the opinion in *Noyes* v. *Noyes,* 224 Mass. 125, decided before the present suit was begun, where the rule as to election is referred to and commented on, is no excuse.

The issues of fact now raised, moreover, were open under the

original answer, and it is too late where manifest injustice is not shown to grant a retrial of the merits, which in effect would be a reversal of the previous decision. *Malden & Melrose Gas Light Co.* v. *Chandler,* 211 Mass. 226, 227.

It being plain that the appellant fails to make out a case as matter of right, and having had his day in court with full opportunity to make his defence, we are of opinion that the finding and order of the single justice disallowing the motion should stand, and the decree affirmed with costs. *Mason* v. *Pomeroy,* 154 Mass. 481.

*Ordered accordingly.*