WILLIAM F. DANIELS *vs.* SARAH W. DANIELS.

Suffolk.    December 6, 1922. — December 7, 1922.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Amendment, Appeal.

After rescript of this court affirming a final decree dismissing a suit in equity by a husband against his wife to establish a trust for his benefit in real estate conveyed to her during coverture, which had been referred to and fully tried before a master, the plaintiff moved to amend his bill to enable him to recover the value of the real estate on an implied contract. The judge denied the motion, ruling, "I have no doubt the question of a contract right to recover was not pressed or consciously litigated at the hearing. Nevertheless I deny leave to amend." The plaintiff appealed. *Held,* that

(1) The denial not only was not arbitrary and capricious nor an abuse of power, but was plainly right;

(2) The appeal was frivolous;

(3) The decree was affirmed with double costs.

BILL IN EQUITY, filed with a common law writ of summons and attachment dated April 30, 1918, seeking to compel the defendant to reconvey to the plaintiff two parcels of real estate alleged to have been purchased by the plaintiff with his own funds in 1906 and 1913, respectively, and placed in the name of the defendant, then the plaintiff's wife, and also certain Liberty bonds, an account in the Boston Five Cents Savings Bank and

a co-operative bank account, which the plaintiff alleged he owned and placed in the name of the defendant "as a matter of convenience, she having, however, no real or beneficial interest therein." The plaintiff further alleged that on February 23, 1918, the defendant left his home without justifiable cause.

In the Superior Court, the suit was referred to a master. Among other findings of the master were the following: "From the foregoing findings of facts, and the reasonable inferences to be drawn therefrom, I am satisfied that the plaintiff had the title to the two parcels of real estate in question taken in the name of the defendant for his benefit and for her benefit and for the benefit of both of them as a family, with no thought of future separation, but with the idea that in the event of his death, his wife would have the property without the necessity of probating a will, or involving his estate in administration proceedings and I so find."

A motion to recommit the report and exceptions to the report were heard by *Sisk*, J., by whose order there was entered an interlocutory decree denying the motion and overruling the exceptions and a final decree dismissing the bill. Upon an appeal by the plaintiff, this court, in a decision reported in 240 Mass. 380, affirmed the decree. After the filing of the rescript in the Superior Court, the plaintiff twice moved to amend his bill of complaint. By the first motion he sought to add to the bill allegations that in consequence of the facts alleged in the original bill the defendant held all of the real estate mentioned in the bill under an implied contract and obligation to pay the plaintiff the fair value thereof, and owed the plaintiff the fair value thereof, but fraudulently and in violation of the plaintiff's rights neglected and refused to pay the same to the plaintiff; and to add a prayer that the plaintiff's damages be assessed and the defendant be ordered to pay the same. The motion was heard and was denied by *Wait*, J., and the plaintiff appealed.

The plaintiff then filed a second motion to amend the original bill by alleging that the defendant impliedly promised the plaintiff that she would pay him the fair value of the real estate above described, and although requested many times so to do, had refused to do so, and that she therefore owed the plaintiff the sum of $7,500, which was the fair value of said real estate, which sum the plaintiff prayed should be awarded to him.

This second motion contained a preamble "that the original bill of complaint was brought for the purpose of compelling the defendant to return specific real estate to the plaintiff upon his claim as set forth in said bill of complaint that the defendant held said property upon an express trust for the plaintiff's sole and exclusive benefit and without any beneficial interest in herself, the defendant. This was the only issue tried between the parties upon the hearings had upon the original bill of complaint and answer, which set up as a defence, among other things, the statute of frauds and the statute against oral trust. After a master's report in which the only issue tried and the only evidence introduced was with regard to the question above set forth, a final decree dismissing the bill was entered, an appeal taken to the Supreme Judicial Court and a rescript ordering the decree affirmed has been sent down from the Supreme Judicial Court. Now, after rescript and before the entry of the final decree ordered by the rescript has been entered, the plaintiff alleges the above facts in support of his motion now made to amend said bill of complaint by asking for damages based upon an alleged implied contract by the defendant to pay the plaintiff the fair value of the real estate which it has been determined he is not entitled to have specifically conveyed to him by the defendant. This issue was not tried before the master. No evidence was introduced upon it, no claim made by the plaintiff in the hearing before the master, and no allegation or allegations were contained in the original bill setting forth this alleged cause of action. The plaintiff is advised that he may be able to establish such a claim, and desires in good faith to raise this point."

The motion was heard by *Wait,* J., and was denied, the judge ruling as follows: "I have no doubt the question of a contract right to recover was not pressed or consciously litigated at the hearing. Nevertheless I deny leave to amend."

A final decree was entered dismissing the bill; and the plaintiff appealed.

*J. M. Russell,* for the plaintiff.

*E. Hutchings,* for the defendant, was not called upon.

By THE COURT. This suit sought to establish a trust for the benefit of the plaintiff in real estate conveyed to the defendant at a time when they were husband and wife. Pursuant to de-

cision in 240 Mass. 380, rescript ordered the bill dismissed. Thereafter the plaintiff asked leave to amend his bill so as to enable him to recover the value ,of the real estate on an implied contract. Leave to amend was denied, the judge saying "I have no doubt the question of a contract right to recover was not pressed or consciously litigated at the hearing" theretofore had. The allowance of the amendment rested in sound judicial discretion. Its denial not only was not arbitrary and capricious or an abuse of power, but was plainly right. The case had been fully tried and all the facts carefully set forth by the master in his report. They clearly show no right in the plaintiff to relief on any ground. Cases like *Cromwell* v. *Norton,* 193 Mass. 291, have no pertinency. Actions of contract between husband and wife cannot be thus enforced. The plaintiff has had his day in court and been adjudged after a fair and complete trial to have no case. That ought to and does end the matter. *Ross* v. *Burrage,* 237 Mass. 545. *Noyes* v. *Noyes,* 234 Mass. 397. This appeal is frivolous. The decree dismissing the bill is affirmed with double costs.

*So ordered.*