ELISHABETHA SMITH *vs.* ELISHA WELLS, administrator.

Franklin.    Sept. 19, 1882. — Jan. 3, 1883.    FIELD, COLBURN & HOLMES,
JJ., absent.

The will of a married woman, to which her husband had not signified his assent,
after giving several legacies, devised all the residue of her estate, real and per-
sonal, to her husband, he "to keep in good repair all the buildings during his
lifetime," and appointed the husband executor. The only property left by the
wife was the homestead estate where she had lived with her husband. He was
duly appointed executor, gave a bond as such, but did not pay any of the lega-
cies, and no demand was made upon him therefor, lived upon the estate until
his death, eight years after his wife's, kept the buildings upon it in good repair,
and assumed to dispose of it by will. *Held*, that an administrator with the will
annexed of the wife's estate was rightly granted a license by the Probate Court
to sell the estate for the payment of legacies, nine years after the death of the
wife.

APPEAL from a decree of the Probate Court, granting to
Elisha Wells, the administrator *de bonis non*, with the will an-
nexed, of the estate of Emily Smith, leave to sell the real estate
of the deceased for the payment of debts and legacies, on a peti-
tion dated January 21, 1882. The case was submitted to the
judgment of this court upon an agreed statement of facts, in
substance as follows:

---

Emily Smith, who was a married woman, died on November 9, 1873, leaving a will, in which her husband was named as executor, and which, after giving several legacies, one of which was a sum of money and all her furniture and wearing apparel, and providing for the erection of a monument to herself, contained the following clause: "I give and bequeath to Roland Smith, my dear husband, all the residue of my estate, both real and personal, except my household furniture and wearing apparel. Said Smith is to keep in good repair all the buildings during his lifetime." On December 2, 1873, the will was duly proved and allowed, and Roland Smith was appointed executor, and gave bond as required by law. The testatrix, at the time of her decease, was seised and possessed of a certain messuage and buildings, with land adjoining, as a homestead, in which she dwelt with her husband, the value of which, at the time of her decease, exceeded the amount of the legacies and reasonable charges of administration. She was not possessed of, and did not leave, any other property or estate, real or personal, which has come to the possession or knowledge of the appellant or appellee. She left no debts to be paid out of said estate; and her executor never filed an inventory or rendered an account in the Probate Court. Roland Smith continued to occupy said estate until his death, which occurred on November 16, 1881. He never paid the legacies bequeathed by the will, or in any way assented to them; and no demand was at any time made upon him by any of the legatees for the payment of the legacies, or any action or proceeding at law or in equity brought to enforce or obtain them. No monument was ever bought or erected, as provided by the will. Roland Smith, on April 20, 1874, was married to the appellant, who has since lived on said homestead. Roland Smith, as directed by the will, kept the buildings in good repair during his lifetime, and paid out, in addition, a certain sum for improvements. He died on November 16, 1881, and by his last will, duly executed, devised said estate and his other property in trust for the use of his widow and his sister for life. The will has been filed in the Probate Court, but has not yet been proved. The appellant has not relinquished her right of dower in the premises. Since the death of Roland Smith, administration has been duly granted to the appellee upon the estate of Emily Smith.

It is contended by the appellee that said estate and homestead is, by the terms of the will, and on the facts above stated, liable to be taken and sold, and the proceeds applied on such trusts as remain to be discharged under said will.

It is contended by the appellant that there are no debts, legacies, or other trusts, remaining to be discharged under said will, which entitle the administrator to sell said estate, or render it liable to be taken and sold to pay the legacies or other charges.

If, upon the foregoing facts, there are any legacies, debts or charges of administration due from said estate, for the payment of which the estate and homestead can be lawfully sold by the administrator, the decree of the Probate Court is to be affirmed; otherwise, to be reversed.

Hearing before *C. Allen*, J., who reserved the case for the consideration of the full court.

*C. G. Delano*, for the appellant.

*A. De Wolf*, for the appellee.

C. ALLEN, J.   The devise to the husband was not specific, in any such sense as to exonerate it from liability for the payment of debts and legacies.   *Wilcox* v. *Wilcox*, 13 Allen, 252.   He, by proving the will, by accepting the position of executor, by giving bond, and by continuing to occupy the real estate left by the deceased, adopted, ratified and confirmed the will, and became bound to execute it according to its terms; and he and all persons claiming under him are estopped from setting up any claim or right which would defeat it.   *Hyde* v. *Baldwin*, 17 Pick. 303. *Smith* v. *Smith*, 14 Gray, 532.   2 Story Eq. Jur. § 1077.   1 Jarm. Wills, (5th Am. ed., by Bigelow) 443.   The legacies are not barred by lapse of time.   Gen. Sts. *c*. 97, § 22.   Pub. Sts. *c*. 136, § 19.   It is not necessary for the legatees to resort to an action on the executor's bond.   The administrator may now do what it was the duty of the executor to do, namely, obtain a license to sell real estate for the purpose of paying the legacies.   According to the agreement of the parties, therefore, the entry must be                    *Decree of Probate Court affirmed.*