MILLARD T. KNAPP *vs.* OWEN MEEHAN, executor.

Suffolk.     April 3, 1934. — September 12, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Will,* Waiver, Election by husband to ratify will.     *Election.*

At the hearing of a petition by the husband of a testatrix for a decree directing the sale of real estate of the testatrix for the purpose of paying his statutory share of the estate, the following facts appeared: The testatrix had conducted a lodging house upon real estate owned by her, where she and the petitioner lived. Her will, besides giving the petitioner real estate in other States, gave him all her furniture and a life interest in the real estate where the lodging house was situated. After her death, the petitioner, up to the time of the hearing, continued to conduct the lodging house and to occupy those premises and, within six months of her death, applied for and received a municipal license to do so. Less than five months after the proof of the will, the petitioner filed a waiver of its provisions under G. L. (Ter. Ed.) c. 191, § 15. The inventory of the estate disclosed less than $5,000 of personal property. In a report of material facts under G. L. (Ter. Ed.) c. 215, § 11, the judge of probate stated that he found that the petitioner had accepted benefits under the will both before and after he had filed his waiver, ruled that the waiver was invalid, and dismissed the petition. The petitioner appealed. The evidence was not reported. The record on appeal did not include a copy of the will or of the inventory of the estate. It did not appear who owned the furniture in the lodging house and there was no finding that any personal property of the estate was taken or received by the petitioner. *Held,* that

(1) In the circumstances, the fact that the petitioner continued to conduct the lodging house as his wife had conducted it and to occupy the real estate did not indicate an election to affirm the will rather than to take his statutory rights;

(2) The finding that the petitioner had accepted the benefits of the will was not warranted;

(3) The petition should not have been dismissed.

PETITION, filed in the Probate Court for the county of Suffolk on August 3, 1933, described in the opinion.

The petition was heard by *Prest,* J. The evidence was not reported. Findings by the judge are stated in the opinion. By his order a decree was entered, reciting that it appeared to the court "that said petitioner has accepted benefits under said will both before and after he filed his

said waiver of its provisions for him and therefore his waiver is invalid," and dismissing the petition.

The petitioner appealed. The record before this court did not include a copy of the will or of the inventory of the estate.

The case was submitted on briefs.

*J. M. Graham*, for the petitioner.

*D. A. Keohan*, for the respondent.

RUGG, C.J. This is an appeal from a decree denying a petition by the husband of the testatrix praying that the executor be ordered to sell certain real estate for the purpose of paying the petitioner his statutory interest in the estate. The husband filed, within six months after the probate of the will, a waiver in writing of the provisions made in it for him. The question to be decided is whether by his conduct prior to and after the filing of the waiver he elected to ratify the will and to accept its provisions for his benefit.

The trial judge reported the material facts. G. L. (Ter. Ed.) c. 215, § 11. In substance they are these: The testatrix died on January 5, 1933, leaving next of kin but no children. The executor was appointed on February 9, 1933. By the will there was devised to the petitioner real estate in Florida and in Georgia, and a life estate in the house and land where the testatrix lived with him in Boston and ran a lodging house. The remainder after his life estate was devised to third persons. All her furniture was bequeathed to her husband. After her death the petitioner continued, up to the time of the hearing, to occupy the premises devised to him for life, to run the lodging house, and to receive the rents and profits from the lodgers. On May 25, 1933, he applied for and received a license to conduct the premises as a lodging house. His waiver was filed on June 23, 1933, stating that he also elected to take his statutory share in her estate. On August 3, 1933, the present petition was filed alleging that the inventory of the estate showed personal property valued at $4,824.05 and two parcels of real estate in this Commonwealth of a total value of $15,500; that the petitioner was entitled to take

outright property to the amount of $10,000 and the income on the remainder of the property; that the personal property was sufficient to pay the debts, charges of administration and legacies, but not sufficient to pay the whole sum of $10,000 due the petitioner, and praying for the sale of real estate to pay his share in the estate. The executor "objected to the petition and contended that the husband by his conduct in the acceptance and continued use and enjoyment of the benefits of the provisions of the will made in his favor had thereby confirmed and ratified the will and is therefore estopped from asserting any rights that he claims to have by reason of waiving the provisions of the will."

The evidence is not reported. Therefore the case is to be considered on the pleadings, the material facts reported, and the decree entered. If the decree is supported by the facts reported and is within the scope of the petition, it must be affirmed; otherwise, reversed. *Brodrick* v. *O'Connor*, 271 Mass. 240, 243.

It is provided by G. L. (Ter. Ed.) c. 191, § 15, so far as material to the facts of the case at bar, that the "surviving husband . . . of a deceased person . . . within six months after the probate of the will of such deceased, may file in the registry of probate a writing signed by him . . . waiving any provisions that may have been made in it for him . . . and he . . . shall thereupon take the same portion of the property of the deceased, real and personal, that he . . . would have taken if the deceased had died intestate; except that if he . . . would thus take real and personal property to an amount exceeding ten thousand dollars in value, he . . . shall receive in addition to that amount only the income during his . . . life of the excess of his . . . share . . . above that amount, the personal property to be held in trust and the real property vested in him . . . for life, from the death of the deceased . . . . If the real and personal property of the deceased which the surviving husband . . . takes under the foregoing provisions exceeds ten thousand dollars in value," it shall be paid out of personal estate, otherwise from sale or mortgage of real estate.

If a person accepts and enjoys a beneficial interest given him under a will, he is held thereby to ratify and confirm every other part of the will. *Hyde* v. *Baldwin*, 17 Pick. 303, 308. *Watson* v. *Watson*, 128 Mass. 152. *Noyes* v. *Noyes*, 233 Mass. 55, 58-61. Illustrations of the application of that doctrine are found in our decisions. In *Reed* v. *Dickerman*, 12 Pick. 146, a widow for fourteen years after the probate of the will of her husband occupied the real estate devised to her and during that period disposed of some of the personal property bequeathed to her. She then sought to claim dower in the land left by her husband. No precise time was then fixed by statute for filing a waiver of the provisions of a will by a widow. It was held that such delay was unreasonable and that the claim for dower was waived by acceptance of the benefits of the will. In *Smith* v. *Wells*, 134 Mass. 11, the husband of a testatrix named as executor probated her will, qualified as executor, and as residuary legatee and devisee occupied the real estate for eight years. It was held that he had thereby adopted and confirmed the will, that he and all persons claiming under him were estopped to set up any claim which would defeat the will, and that other legatees must be paid out of a sale of the realty devised to him.

In the case at bar there was no unreasonable delay in filing the waiver. Well within the period allowed by § 15, the petitioner placed upon the public records his positive and unmistakable expression of intent to take his share in her estate allowed under the provisions of the statute and not under the will. The petitioner during the time from the allowance of the will until the filing of the waiver continued to live in the home previously occupied by his wife and himself and to operate it as a lodging house as she had done during her life. He did not alter his mode of life. He took no affirmative step disclosing a decision about his relations to the estate of his wife before filing the waiver. As the surviving husband he was entitled to occupy this real estate in any event, whether under the will or under the statute. The personal property amounted to less than $5,000. It does not appear who owned the furniture in the

lodging house. If it be assumed that it was the property of the wife, title to it passed to her executor. There is no finding that he turned it over to the petitioner as legatee, or that the latter took possession of it as donee under the will. There is no finding that any personal property of the estate was taken or received by the petitioner. In these circumstances, continuance by the petitioner to run the lodging house as his wife had run it does not indicate an election to affirm the will rather than to take his statutory rights. As matter of authority the case is governed by *Phelps* v. *Phelps*, 20 Pick. 556, 562, where somewhat similar acts by a widow were held to be "too equivocal in their character to authorize the conclusion" that there was an election to take the benefit of the will rather than the benefit of the law.

*Decree reversed.*