RANDOLPH L. THURLOW vs. OSCAR G. THURLOW,
administrator, & another.

Essex.   May 1, 1944. — September 27, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Will*, Ratification by beneficiary.   *Election.*   *Estoppel.*

Full enjoyment by a wife, for nearly five years after the death of her
husband, of all the benefits of a bequest by him of the income of a
fund for her life with a right to use the principal at her discretion pre-
cluded the administrator of her estate from claiming title to certain
corporate stock which to the wife's knowledge had stood in the names
of herself and her husband "or survivor" but by his will, with whose
provisions she was familiar, had been included in the fund as part of
his own estate and bequeathed to a nephew of his wife at her death.

PETITION, filed in the Probate Court for the county of
Essex on August 17, 1943.

The case was heard by *Phelan*, J.

*E. E. Crawshaw*, (*R. E. Burke* with him,) for the petitioner.

*E. Foss*, for the respondents.

QUA, J.   This petition is brought against the respondent
in his capacity as administrator with the will annexed of the
estate of Amanda D. Lunt, late of Newbury, and also in his
individual capacity, to require him to pay over to the peti-
tioner the proceeds of the sale of sixty-two shares of stock
in Towle Manufacturing Company, which have been sold
by him as assets of the estate.   The petitioner claims that
title to the stock was in him by virtue of a provision con-
tained in the will of George W. Lunt, deceased husband of
Amanda.

The Lunts were an elderly couple possessed of a substan-
tial property, a large part of which consisted of savings bank
deposits in their joint names.   The husband died in 1938
and the wife in 1943.   They had no children.   The petitioner
was a nephew of Mrs. Lunt.   In his younger years he had
lived with the Lunts much of the time and had worked on
Lunt's farm.  · His relations both with his aunt and with his

uncle by marriage had been intimate and affectionate.   The
Towle stock at all material times stood in the names of
"George W. or Amanada D. Lunt or survivor."   We there-
fore assume in favor of the respondent that this stock was
held by husband and wife in some form of joint tenancy,
so that upon the death of the husband before that of the
wife title thereto would have become vested in the wife (see
*Phelps* v. *Simons*, 159 Mass. 415; *Splaine* v. *Morrissey*, 282
Mass. 217) and would have passed to the respondent as her
administrator, if it had not been for another factor involved
in the contention of the petitioner, which raises the decisive
issue in the case.   This contention is that George W. Lunt
by his will, which was admitted to probate in 1938, purported
to deal with this stock as his own absolute property and as
such included it in the residue of his estate, which he set
up as a fund for the benefit of his wife during her life; that
he specifically bequeathed the stock to the petitioner at his
wife's death; and that the wife, after the death of the hus-
band, accepted the provisions of the will made for her bene-
fit with full knowledge of all material facts and therefore
became estopped, and that her administrator is likewise
estopped, from asserting any interest in the stock at variance
with the disposition of it made in the husband's will.   The
Probate Court, without making any express findings of fact,
dismissed the petition, thereby rejecting the petitioner's
contention.   The evidence is reported.

It is a well settled rule "that if any person shall take any
beneficial interest under a will, he shall be held thereby to
confirm and ratify every other part of the will, or in other
words, a man shall not take any beneficial interest under a
will, and at the same time set up any right or claim of his
own, even if otherwise legal and well founded, which shall
defeat, or in any way prevent the full effect and operation
of every part of the will."   *Hyde* v. *Baldwin*, 17 Pick. 303,
308.   "The main principle was never disputed, that there
is an obligation on him who takes a benefit under a will or
other instrument to give full effect to that instrument under
which he takes a benefit; and if it be found that that instru-
ment purports to deal with something which it was beyond

the power of the donor or settlor to dispose of, but to which effect can be given by the concurrence of him who receives a benefit under the same instrument, the law will impose on him who takes the benefit the obligation of carrying the instrument into full and complete force and effect." Lord Hatherley in *Cooper* v. *Cooper*, L. R. 7 H. L. 53, 69, 70, cited in *Noyes* v. *Noyes*, 233 Mass. 55, 59.[1]

The will of George W. Lunt, after a provision for the payment of debts and funeral expenses and a legacy to Amanda D. Lunt of all his household furniture and furnishings and wearing apparel, continued as follows: "3. All the rest, residue and remainder of my estate, real and personal, and wheresoever situate, I give, devise and bequeath to my said wife, Amanda D. Lunt, in lieu of dower or widow's allowance, with power to use the net income during her life, and such part or parts of the principal from time to time, as she, in her judgment, deems necessary for her comfort, support and maintenance, her judgment of the necessity for such use to be final and controlling, and I direct her to keep the same separate and distinct from her own estate, and whatever may be left unexpended at her death, after the payment of the expenses of her last illness and burial, I give, devise and bequeath as follows: —" Then comes a specific devise of certain real estate to the present petitioner and thereafter the legacy of the Towle stock to the petitioner in these words, "To said Randolph L. Thurlow my shares of stock in the Towle Manufacturing Company of said Newburyport." This in turn is followed by another legacy to another nephew of Mrs. Lunt in these words, "To Ralph L. Thurlow of said Newburyport, my shares of stock in the First and Ocean National Bank of said Newburyport." Then come a small legacy and a gift of the ultimate remainder to the testator's sister.

Not only did the testator make his specific bequest over

---

[1] Other decisions in this Commonwealth illustrating this principle are *Ward* v. *Ward*, 15 Pick. 511, 526, *Fitts* v. *Cook*, 5 Cush. 596, *Smith* v. *Smith*, 14 Gray, 532, *Watson* v. *Watson*, 128 Mass. 152, *Smith* v. *Wells*, 134 Mass. 11, *Tyler* v. *Wheeler*, 160 Mass. 206, 209, *Noyes* v. *Noyes*, 224 Mass. 125, 133, *Noyes* v. *Noyes*, 234 Mass. 397, 402, *Rudd* v. *Searles*, 262 Mass. 490, 492, and *Knapp* v. *Meehan*, 287 Mass. 573, 576.

of the Towle stock to the petitioner as "my shares" in the same words in which he made a similar bequest over to another nephew of the bank stock which stood wholly in his own name, but the form of paragraph 3 quoted in part above shows that he made both bequests out of "whatever . . . [might] be left unexpended at . . . [his wife's] death" of the "rest, residue and remainder of my estate" given to his wife for life. He therefore intended to include the Towle stock in the fund set up for his wife's benefit during her life. He intended to place the entire title to the stock at the disposal of the trust on the theory that the entire title was in him. He could not have intended to put in only his interest as a joint tenant, for that would terminate with his own death. He assumed a right to dispose of the stock as a whole. The will admits of no other construction. We cannot accept the respondents' contention that Lunt intended the bequest of the stock to take effect only if he survived his wife. Such intent would be inconsistent with the inclusion of the stock in the trust during his wife's lifetime after his own death. Moreover, if he had entertained that intent there would have been no point in expressly postponing the taking effect of the bequest until after the wife's death. It follows that upon the death of George W. Lunt his widow was plainly confronted with the necessity of electing between the inconsistent positions of accepting benefits under the will, with the consequent abandonment of all interest in the Towle stock except that which the will gave her, and renouncing all benefits under the will, while claiming the stock as surviving joint tenant. She accepted the benefit of the legacy of furniture, furnishings, and wearing apparel and of the trust under the will, as indeed it would seem to have been to her advantage to do, since thereby she acquired a practically complete power to subject to her own uses during her lifetime both the principal and income of all of the property which her husband held in severalty, and she also retained an equivalent power over the Towle stock, which would pass to the petitioner only in the event, which has in fact transpired, that she did not deem it necessary to sell the stock in her

lifetime. She had the benefit of the will during the period of nearly five years that elapsed between her husband's death and her own death. During this period she received the income of the fund and used such part of the principal as she deemed necessary.

There is nothing in the evidence to overcome the natural effect of Mrs. Lunt's conduct as an election to accept the benefits under the will rather than to assert full title to the stock. The evidence shows plainly that she was familiar with the provisions of the will, knew that the Towle stock referred to in the will was that now in issue, and knew that the stock was held jointly. Perhaps she did not know that the law required an election, but neither she, nor her administrator before or since this petition was brought, has offered to return any of the benefits received under the will. The election to take under the will must now be regarded as a finality, and it is too late for her estate to claim title to the stock instead. *Watson* v. *Watson*, 128 Mass. 152, 157. *Noyes* v. *Noyes*, 234 Mass. 397, 402. The rule already discussed forbids that Mrs. Lunt or her estate should have the benefit both of the will and of full title to the stock.

The decree must be reversed, and a decree must be entered granting to the petitioner the relief prayed for.

*So ordered.*