ARTHUR LARIVEE vs. ALBERTINE VANASSE, executrix.

Essex.    May 9, 1946. — September 16, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Election.    Contract, To make will.*

Evidence that a son, without receiving substantial compensation, lived with his mother and cared for her and her real estate until her death after accepting and in reliance upon her oral offer and promise that, if he would do so, she would leave him at her death all her estate except a specified amount, but that her will gave her estate to him and three other children equally, warranted a verdict for him in an action against her executor for breach of such contract where the statute of frauds was not pleaded and a binding election by the plaintiff to accept the benefits given him by the will was not proved. ˙

Evidence, in an action by a son against the executor of his mother's will for breach of a contract whereby she promised to leave him a portion of her estate which at her death turned out to be about three fourths thereof, did not show that after her death the plaintiff, through certain conduct and correspondence respecting a parcel of real estate which by her will he was entitled to have included in a mere one-fourth share of the estate given him by the will, had made a binding election to accept the benefits of the will rather than to rely on the contract.

CONTRACT.    Writ in the Superior Court dated February 26, 1945.

The action was tried before *Dowd*, J., who ordered a verdict for the defendant on each count of the declaration.    The plaintiff ˙alleged exceptions.

In this court the case was submitted on briefs.

*J. F. Pelletier*, for the plaintiff.

*T. S. Herlihy & J. A. Foisy*, for the defendant.

LUMMUS, J.    In 1931 the defendant's testatrix, by writing to her son the plaintiff, who had been working and living in Detroit for some years, induced him to return to Salem to help her care for her daughter Zenaide who was ill and soon died.    Another daughter, Irene, left home in 1934. The testatrix was then alone except for the plaintiff.    When in 1936 the plaintiff proposed to return to Detroit, she promised him that if he would stay with her and care for her and her real estate as long as she might live, she would leave him

at her death all her property except $10,000, $6,000 of which she intended to leave to his sister Irene and $4,000 of which she intended to leave to his brother Wilfred, his brother Joseph having already received his share. The plaintiff accepted her offer, and in reliance upon her promise lived with her and cared for her and her real estate until she died on April 8, 1944, without receiving any substantial compensation. The foregoing, in substance, was the evidence for the plaintiff.

The will of the defendant's testatrix, executed on March 24, 1938, and proved and allowed on August 4, 1944, divided substantially her whole estate equally among her four children, Wilfred, Joseph, Irene and the plaintiff. The only special benefit given to the plaintiff in that division was that he was to have the right to have included in his share at its assessed value the building containing the tenement occupied by him and his mother, which he continued to occupy after her death, using the furniture and furnishings therein, and refusing to pay rent therefor.

This action was commenced on February 26, 1945, and is in contract. The declaration contains two counts. The first is on the oral contract just described, and claims damages of $32,000, alleging that the defendant's testatrix left $42,000, of which all but $10,000 was promised to the plaintiff. The defendant failed to set up the statute of frauds, G. L. (Ter. Ed.) c. 259, § 5, and consequently the plaintiff could recover on the first count upon proof of the contract alleged and its breach. *Taub* v. *United States Trust Co.* 303 Mass. 339, 342. There was error in directing a verdict for the defendant on that count, apart from the question of election that remains to be considered. The second count need not be considered.

The defendant in her answer set up that the plaintiff "has elected to accept benefits and benefactions given him by said will and it would be inequitable for him to be allowed to prevail on his alleged contract." In addition to the evidence already recited, a series of letters from the attorney for the plaintiff to the attorney for the defendant was introduced. In the first letter, dated September 20,

1944, the plaintiff's attorney said, "Without waiving any rights to his claim against the estate by reason of contract entered into between himself and his mother the late Marie Larivee my client, Arthur Larivee, is also insisting upon his right to receive the building No. 106–108 Leach Street, Salem, Massachusetts, along with the garden and the land which is used as an entrance to this building at the assessed value of the city of Salem which is the controlling figure as to the value of this parcel of real estate in accordance with the will. In view of the fact that Arthur Larivee has been given the right to receive the property above mentioned he and he alone has the right to collect the rent from the tenants of that building. Without waiving any rights that Arthur Larivee has or may have in this parcel of real estate above referred to but solely for the purpose of creating the least amount of friction I will agree for the time being that the executrix may continue to collect the rent from the two tenants other than Arthur Larivee upon condition that this money be set apart and not to mingle with other money of the estate. Of course, it is understood that Arthur Larivee is not paying any rent for the tenement that he now occupies." On the same day the attorney for the plaintiff wrote the executrix, stating that the value of the real and personal property, according to the inventory, was $41,782.66, and proposing that the estate pay the plaintiff $31,782.66 or accept $10,000 and convey all the real and personal property to the plaintiff.

After a conference between the attorneys, the attorney for the plaintiff on December 5, 1944, wrote the attorney for the defendant as follows: "So that there may be no misunderstanding, my client, Mr. Larivee, desires me to inform you as attorney for the executrix of the estate of his late mother that he is relying on his contract made with his late mother whereby he was to receive all of his mother's estate with the exception of $10,000 . . . . My client, Mr. Larivee, is not claiming any real estate as a tenant in common with his two brothers and sister or with any other person. He is, under his contract, claiming the entire estate less the sum of $10,000. . . . With reference to your sug-

gestion that Arthur Larivee pay rent, I feel that although he is not claiming any real estate as a tenant in common with his two brothers and sister or with any other person, that in view of his contract with his late mother and of all the circumstances, that he should not pay rent at the present time. I have instructions to institute suit for Arthur Larivee on his contract with his late mother; and after that matter is disposed of, I feel it will then be time to talk about the rent."

The alleged oral contract, if and when performed, was intended to exclude the plaintiff from any other interest in the estate. *Thurlow* v. *Thurlow*, 317 Mass. 126, and cases cited. The plaintiff could not take both a performance of the contract and the provision made for him in the will. In this respect the present case differs from *Strong* v. *Williams*, 12 Mass. 390, *Smith* v. *Smith*, 1 Allen, 129, *Parker* v. *Coburn*, 10 Allen, 82, 84, *Farnham* v. *Barker*, 148 Mass. 204, *Taft* v. *Taft*, 163 Mass. 467, *Riley* v. *Flanagan*, 264 Mass. 13, *Rizzo* v. *Cunningham*, 303 Mass. 16, 27, 28, and *Downey* v. *Union Trust Co.* 312 Mass. 405, 415. But the first letter of the plaintiff's attorney was not an election to accept rights under the will instead of performance of the oral contract. Rather it was an unjustified claim of inconsistent rights under both. The later letter of the plaintiff's attorney made it plain that the plaintiff elected to rely on the oral contract and not on the will, even though without reason he sought to postpone payment of rent for the apartment occupied by the plaintiff. See *Watson* v. *Watson*, 128 Mass. 152; *Tyler* v. *Wheeler*, 160 Mass. 206; *Reggio* v. *Warren*, 207 Mass. 525, 535; *Porter* v. *Spring*, 250 Mass. 83. The occupancy of a single tenement by the plaintiff was apparently within the scope of his practical rights in case the oral contract should be enforced as well as in case he should take under the will. Such occupancy was too equivocal to demonstrate an election to take under the will, in the face of his expressed election to rely on the contract. *Knapp* v. *Meehan*, 287 Mass. 573.

*Exceptions sustained.*