GEORGE V. MAININI *vs.* SUMNER B. TILTON, executor, & another. March 19, 1974. The petitioner appeals from a final decree entered by a probate judge on an equity petition brought against the petitioner's mother (the widow), individually and as executrix of the will of her husband, the petitioner's father, and against the co-executor, seeking the transfer to the petitioner of certain shares of stock which, having been jointly owned by the testator and the widow, were solely owned by her as surviving joint tenant. (1) The decree is erroneous insofar as it authorized the widow thereafter to file a statutory waiver of the will, since G. L. c. 191, § 15 (as amended through St. 1964, c. 288, § 1), permits such an extension of the filing period to be granted only within six months after the probate of the will. The waiver filed by the widow pursuant to the decree was therefore a nullity. *Bunker* v. *Murray,* 182 Mass. 335, 336 (1902). (2) The decree was also erroneous in ordering the transfer of the stock to the petitioner in the event of the widow's failure to file the statutory

waiver.  Here the judge relied on the fact that the will purported to bequeath the same stock to the petitioner and named the widow as residuary beneficiary, and on the petitioner's contention that the widow was estopped to assert any claim to the stock by reason of the equitable doctrine that "if any person shall take any beneficial interest under a will, he shall be held thereby to confirm and ratify every other part of the will." *Hyde* v. *Baldwin,* 17 Pick. 303, 308 (1835).  *Noyes* v. *Noyes,* 233 Mass. 55, 58-61 (1919).  *Thurlow* v. *Thurlow,* 317 Mass. 126, 130 (1944).  However, that rule applies only where the claimant, "[b]y accepting and retaining the bequest [or devise] . . . manifested his election to hold under the will." *Hyde* v. *Baldwin, supra,* at 309.  *Fitts* v. *Cook,* 5 Cush. 596, 599-602 (1850).  *Larivee* v. *Vanasse,* 320 Mass. 213, 216 (1946).  See *Rizzo* v. *Cunningham,* 303 Mass. 16, 27-28 (1939).  Cf. *Knapp* v. *Meehan,* 287 Mass. 573, 577 (1934).  There was no evidence in the present case that the widow accepted anything whatever under the testator's will or otherwise engaged in conduct "manifestly inconsistent with the rights now claimed" by her in the stock.  *Fitts* v. *Cook, supra,* at 601.  Her acting as executrix of the will cannot be regarded as such conduct.  *Tyler* v. *Wheeler,* 160 Mass. 206, 209-210 (1893).  *Fiduciary Trust Co.* v. *Mishou,* 321 Mass. 615, 628 (1947).  Cf. *Noyes* v. *Noyes, supra,* at 61.  Her failure to file a timely waiver of the will pursuant to G. L. c. 191, § 15, is equally immaterial.  That statute would apply only if she were claiming a "portion of the estate"; her claim to the stock is based on survivorship and not on intestate succession (*Attorney Gen.* v. *Clark,* 222 Mass. 291, 295 [1915]; *Weaver* v. *New Bedford,* 335 Mass. 644, 646 [1957]) or on the statute of wills (see *Blanchette* v. *Blanchette,* 362 Mass. 518, 523 [1972]), and the estate had no interest in the stock (cf. *Legro* v. *Kelley,* 311 Mass. 674, 676-677 [1942]).  (3) The final decree is reversed and a new final decree is to be entered dismissing the petition.  Costs and expenses of this appeal are to be awarded in the discretion of the Probate Court.

*So ordered.*

*Gaynor K. Rutherford* for the petitioner.
*Philip L. Berkeley* for the respondents.